UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL UTAH,

                          Plaintiff,

            -against-

TD BANK; LAW ENFORCEMENT,

                          Defendants.

19-CV-10735 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging "human rights violations" and "civil rights violations." By order dated November 22, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141

F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions

are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.")

(internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Paul Utah, a Queens resident, filed this complaint regarding events occurring

between January 1, 2012, and November 18, 2019. He alleges as follows:

> Humiliation, illegal investigations, Targeting from Humans and Law
> enforcements. Closing my accounts illegally and not letting me open a new
> account. Using the radio or speaker system. Spreading rumors, lying about bank
> procedures. Civil Rights Violations, Human Rights Violations, False Claims,
> Emotional Trauma, Pressing the emergency button, Profiling me, Racial Profiling,
> Human Eye on me, Eye of Law Enforcements. They profiled me as Homeless and
> Stupid, intimidation, illegal monitoring of my accounts at TD Bank. Calling the
> law enforcement while visiting the branches. Using radio while visiting the
> branches, illegally video recording me while using the branches. Security
> harassed me and wanted to beat me up.

(ECF Doc. 2 ¶ III.)

Plaintiff seeks $15 million in damages and injunctive relief.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at

474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which

he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

In three days, Plaintiff filed seven cases in this Court, and he seek leave to proceed IFP. *See Utah v. MTA Corp.*, ECF 1:19-CV-10671, 1 (S.D.N.Y. filed Nov. 18, 2019); *Utah v. Starbucks Corp.*, ECF 1:19-CV-10733, 5 (S.D.N.Y. Nov. 27, 2019) (dismissing complaint as frivolous); *Utah v. Barnes & Noble*, ECF 1:19-CV-10734, 5 (S.D.N.Y. Nov. 27, 2019) (dismissing complaint as frivolous); *Utah v. State of Police of New York*, ECF 1:19-CV-10774, 6 (S.D.N.Y. Nov. 27, 2019) (dismissing complaint as frivolous); *Utah v. New York Police Dep't*, ECF 1:19-CV-10778, 2 (S.D.N.Y. filed Nov. 20, 2019); *Utah v. Shoprite Corp.,* ECF 1:19-CV-10779, 4 (S.D.N.Y. filed Nov. 20, 2019). According to the Public Access to Court Electronic Records (PACER) system, Plaintiff has filed similar complaints in other federal courts. *See Utah v. State Police of PA*, No. 19-CV-5291 (E.D. Pa. filed Nov. 8, 2019); *Utah v. State Police of New Jersey*, No. 19-CV-20137 (D. N.J. Nov. 13, 2019).

Plaintiff is warned that if he continues to abuse the privilege of proceeding IFP in this Court, he will be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new civil actions *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   December 4, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge